1  Andrew B. Turk, Esq. (SBN 014912)
   aturk@clarkhill.com
2  CLARK HILL PLC
   14850 N. Scottsdale Rd., Suite 500
3  Scottsdale, AZ 85254
4  Telephone:  (480) 684-1107
   Facsimile:   (480) 684-1167
5
6  Attorneys for Defendants, WATSON WOODS HEALTHCARE, INC.
   DBA GRANITE CREEK HEALTH & REHABILIATION CENTER; BANDERA
7  HEALTHCARE, INC.; ENSIGN SERVICES, INC.; and THE ENSIGN GROUP, INC.
8
                    **UNITED STATES DISTRICT COURT**
9                         **DISTRICT OF ARIZONA**
10

| | |
|---|---|
| 11  ALYCIA THOMAS, Personal Representative of the ESTATE OF STEPHEN ROSINSKI, on behalf of the ESTATE OF STEPHEN ROSINSKI, and ALYCIA THOMAS, Personal Representative, for and on behalf of STEPHEN ROSINSKI'S statutory beneficiaries under A.R.S. § 12-612(A),<br><br>Plaintiff(s),<br><br>v.<br><br>WATSON WOODS HEALTHCARE, INC., a Nevada corporation, dba GRANITE CREEK HEALTH & REHABILITATION CENTER; BANDERA HEALTHCARE, INC., a Nevada corporation; ENSIGN SERVICES, INC., a Nevada corporation; THE ENSIGN GROUP, INC., a Delaware corporation; MIKE RASMUSSEN, ADMINISTRATOR,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT WATSON WOODS HEALTHCARE, INC. dba GRANITE CREEK HEALTH & REHABILITATION CENTER'S; BANDERA HEALTHCARE, INC.'S; ENSIGN SERVICES, INC.'S; AND THE ENSIGN GROUP, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Re: Yavapai Superior Court Case No. V1300CV 2021 80028]<br><br>Case Filed: January 25, 2021 |

26
27  / / /
28

**NOTICE OF FILING NOTICE OF REMOVAL**                                    **PAGE 1**

COME NOW, Defendants, WATSON WOODS HEALTHCARE, INC. dba GRANITE CREEK HEALTH & REHABILITATION CENTER; BANDERA HEALTHCARE, INC.; ENSIGN SERVICES, INC.; and THE ENSIGN GROUP, INC.; (hereinafter collectively referred to as "the Granite Creek Defendants"), by and through their undersigned counsel, and hereby remove this lawsuit from the Superior Court of Arizona, Yavapai County, reserving all defenses and reserving all objections to venue based on 42 U.S.C.A. § 247d-6d(e)(1), pursuant to 28 U.S.C.A. §§ 1441 and 1446, on the following grounds:

## I.   STATEMENT OF THE CASE

1. This action was originally filed in the Superior Court of Arizona, County of Yavapai as Case No. V1300CV 2021 80028 on January 25, 2021. A true and correct copy of the Complaint is attached hereto as Exhibit 1, and incorporated herein by reference.

2. The Complaint asserts causes of action for negligence, vulnerable adult abuse/neglect/exploitation under the Adult Protective Services Act (A.R.S. Section 46-455), and wrongful death resulting from alleged misconduct by a covered person in the administration of a covered countermeasure under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C.A. §§ 247d-6d(d), 247d-6e (West 2020).

3. More specifically, Plaintiffs claim that the Granite Creek Defendants engaged in negligent, willful and/or reckless conduct in the care rendered to Mr. Rosinski in relation to exposure, diagnosis, and treatment of COVID-19 and in the distribution, administration, or use of medical countermeasures, like COVID-19 testing and personal protective equipment, to prevent the spread of COVID-19 within the skilled nursing facility known as Granite Creek Health & Rehabilitation Center, where Mr. Rosinski resided.

4. The Complaint seeks damages, including compensation for general damages, special damages, attorney's fees, punitive and exemplary damages, costs of suit, and for

such other and further relief as the Court deems just and proper. *See,* Ex. 1, Compl. Prayer for Relief.

## II.    PROCEDURAL REQUIREMENTS

5.    This notice is filed on behalf the Granite Creek Defendants in the above-styled case pursuant to 28 U.S.C.A. § 1446(b)(2)(A).

6.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district of this Court embraces Yavapai County, Arizona, the place where the Plaintiffs filed the State Court lawsuit.

7.    Defendant, WATSON WOODS HEALTHCARE, INC. dba GRANITE CREEK HEALTH & REHABILITATION CENTER was served with the Summons, Complaint, and related litigation pleadings on April 7, 2021. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit 2, and incorporated herein by reference. A true and correct copy of all pleadings served on WATSON WOODS HEALTHCARE, INC. dba GRANITE CREEK HEALTH & REHABILITATION CENTER are attached hereto as Exhibit 3, and incorporated herein by reference.

8.    Defendant, BANDERA HEALTHCARE, INC. was served with the Summons, Complaint, and related litigation pleadings on April 7, 2021. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit 4, and incorporated herein by reference. A true and correct copy of all pleadings served on BANDERA HEALTHCARE, INC. are attached hereto as Exhibit 5, and incorporated herein by reference.

9.    Defendant, ENSIGN SERVICES, INC. was served with the Summons, Complaint, and related litigation pleadings on April 7, 2021. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit 6, and incorporated herein by reference. A true and correct copy of all pleadings served on ENSIGN SERVICES, INC. are attached hereto as Exhibit 7, and incorporated herein by reference.

10. Defendant, THE ENSIGN GROUP, INC. was served with the Summons, Complaint, and related litigation pleadings on April 7, 2021. A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit 8, and incorporated herein by reference. A true and correct copy of all pleadings served on THE ENSIGN GROUP, INC. are attached hereto as Exhibit 9, and incorporated herein by reference.

11. Accordingly, this Notice of Removal is timely as it is filed within thirty days of the date any of the Granite Defendants were served with the Complaint, the initial pleading setting forth the claim for relief in the lawsuit, and is filed within one year of the filing of this lawsuit. *See* 28 U.S.C.A. § 1446(b).

12. Concurrent with the filing of this Notice or promptly thereafter, the Granite Creek Defendants are serving this Notice of Removal on all other parties pursuant to 28 U.S.C.A. § 1446(d).

13. Pursuant to 28 U.S.C.A. § 1446(a) and D.Ariz. L.R.Civ. 3.6(b), a true and correct copy of all filings of record from the Superior Court for the County of Yavapai served upon or provided to the Granite Creek Defendants and a verification by counsel for the Granite Creek Defendants that the attached copies are true and correct copies of those documents, are attached as Exhibits 2 - 10, respectively, and incorporated by reference.

14. As required by 28 U.S.C. § 1446(b)(2)(A), defendant, MIKE RASMUSSEN consents to the removal of this case. *See* consent to Removal, attached hereto as Exhibit 11, and incorporated herein by reference.

V. **ARGUMENT AND CITATION TO AUTHORITY**

15. This case is removable under 28 U.S.C.A. § 1441(a) on the basis of "original jurisdiction" because Plaintiffs' Complaint asserts a claim "arising under" federal law within the meaning of § 1331.

16. On its face, the allegations contained in the Complaint reflect that a "covered person" was involved in "recommended activity" relative to a "covered countermeasure"

and therefore presents a federal question under the Public Readiness and Emergency Preparedness Act (PREP Act), 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

17. As such, Congress provided an exclusive remedy for the substance of the allegations, and relief sought in the Complaint and federal law expressly pre-empts state law for purposes of federal question jurisdiction. *See* PREP Act, 42 U.S.C.A. §§ 247d-6d, 247d-6e (West 2020).

18. Circuit Courts and District Courts have found "complete preemption" where a federal statute expressly preempts state law and creates an exclusive federal remedy for preempted state claims. *See, e.g., Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011); *In re WTC Disaster Site*, 414 F.3d 352, 380 (2d Cir. 2005); *Spear Marketing, Inc. v. Bancorp South Bank*, 791 F.3d 586 (5th Cir. 2015); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F.Supp.2d 565 (E.D.Pa. 2004).

19. Here, as set forth below, the Granite Creek Defendants assert that Plaintiffs' claims are completely preempted by the PREP Act sections found at 42 U.S.C.A. §§ 247d-6d and 247d-6e. *See Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 253 (2011) (Sotomayor, J., dissenting) (The majority found that the National Childhood Vaccine Injury Act preempted state law. Justices Sotomayor and Ginsburg further analyzed that the PREP Act unequivocally demonstrated an intent to preempt state law through its use of "categorical (*e.g.*, 'all') and/or declarative language (*e.g.*, 'shall')" completely preempting state law).

20. Under 42 U.S.C.A. § 247d-6d(a), a "covered person" is afforded broad immunity for all "claims for loss arising out of, relating to, or resulting from" the "administration" or "use" of a "covered countermeasure" as those terms are defined by that section, provided the Secretary of the Department of Health and Human Services (HHS) issues a declaration to that effect.

21. For all claims barred by immunity under 42 U.S.C.A. § 247d-6d that do not assert "willful misconduct," the exclusive remedy for relief is established under § 247d-6e,

which permits an individual to make a claim for benefits through the Countermeasures Injury Compensation Program, also known as the Fund, for a "covered injury directly caused by the administration or use of a covered countermeasure." In fact, and for purposes of illustrating Congress's intent to address all claims, even a claimant alleging "willful misconduct" must first apply for benefits through the Fund under § 247d-6e before bringing an action under § 247d-6d(d). *Id*. § 247d-6e(d)(1). Further, even where a plaintiff has alleged willful misconduct and exhausted his remedies relative to the Fund, such plaintiff is limited to "*an exclusive Federal cause of action*" for willful misconduct "maintained only in the United States District Court for the District of Columbia." 42 U.S.C.A. § 247d-6d9(d)(1)-(e)(1) (emphasis added).

22. Moreover, under 42 U.S.C.A. § 247d-6d(b)(8), state law that "is different from, or in conflict with, any requirement applicable [for immunity]" is expressly preempted.

23. Therefore, Congress has clearly manifested the intent to preempt state law with respect to claims that invoke PREP Act immunity and to create an exclusive federal remedy for such preempted claims, thereby "completely preempting" state law for purposes of federal question jurisdiction. *See Bruesewitz*, 562 U.S. at 253 (Sotomayor, J., dissenting).

24. Here, as alleged in the Complaint, Defendant is a "covered person" in that Defendant's facility, Granite Creek Health & Rehabilitation Center, is a skilled nursing facility licensed by the State of Arizona. Further, the Granite Creek Defendants' facility, as well as its employees and affiliates, are "covered persons" because each meet the requirements of a "program planner" of countermeasures under the PREP Act and are "qualified persons who prescribed, administered or dispensed" a countermeasure under the PREP Act. This was confirmed by the Office of the General Counsel, Secretary of the Department of Health and Human Services in an opinion letter dated August 14, 2020,

1 stating that senior living communities, such as those operated by the Granite Creek
2 Defendants, are "covered persons," entitled to immunity under the PREP Act by virtue of
3 their status as both "program planners" and "qualified persons."

4     25.    Plaintiffs' claim for loss "arises out of, relates to, or results from" the
5 administration and use of a "covered countermeasure" obtained through a "means of
6 distribution," to a "population," and within a "geographic area," or reasonably believed so
7 by the Granite Creek Defendants, for the purpose of treating, diagnosing, curing,
8 preventing, or mitigating COVID-19, or the transmission of SARS-CoV-2 or a virus
9 mutating therefrom, as such terms are defined within the PREP Act, 42 U.S.C.A. §§ 247d-
10 6d, 247d-6e (West 2020), the Declaration Under the Public Readiness and Emergency
11 Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198
12 (Mar. 17, 2020), *amended by* 85 Fed. Reg. 21012 (Apr. 15, 2020), and all corresponding
13 amendments, regulations, and interpretational case law.

14     26.    At the time of the allegations set forth in the Complaint, and based on such
15 allegations, the Granite Creek Defendants were acting as a "program planner" that
16 supervised the infection control policy program, under which FDA approved personal
17 protective equipment including, without limitation, N95 respirators, face shields, and
18 gowns as well as diagnostic countermeasures were distributed and administered to Mr.
19 Rosinski and the staff of Granite Creek Health & Rehabilitation Center in an effort to
20 diagnose, mitigate, and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus
21 mutating therefrom. Further, the Granite Creek Defendants' employees and affiliates were
22 acting as employees of a "program planner" that supervised and administered the infection
23 control program that provided and used FDA approved countermeasures on Mr. Rosinski
24 and the staff of Granite Creek Health & Rehabilitation Center in an effort to diagnose and
25 mitigate COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

26
27
28

27. At the time of the allegations set forth in the Complaint, and based on such allegations, the Granite Creek Defendants' employees and affiliates were acting as "qualified persons" because said employees were authorized to administer, deliver, and use FDA covered countermeasures, like personal protective equipment and FDA approved COVID-19 devices, medication, and diagnostic tests to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom.

28. At the time of the allegations set forth in the Complaint, and based on such allegations, the Granite Creek Defendants were engaged in the management and operation of countermeasure programs in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15198 (Mar. 17, 2020), and all amendments thereto ("Declaration"), or reasonably believed so by the Granite Creek Defendants.  Likewise, the Granite Creek Defendants' employees and affiliates were physically providing the countermeasures to Mr. Rosinski and using the countermeasures in an effort to diagnose and prevent COVID-19, or the transmission of SARS-CoV-2 or a virus mutating therefrom to a "population" and within a "geographic area" specified by the Declaration, and all amendments thereto, or reasonably believed so by the Granite Creek Defendants.   In fact, HHS confirmed in letter dated August 31, 2020 that diagnostic testing for COVID-19 in senior living communities qualifies as a "covered countermeasure" triggering PREP Act immunity.

29. At the time of the allegations set forth in the Complaint, the respirators and face shields used by the Granite Creek Defendants were approved by the FDA as a qualified pandemic or epidemic product and were respiratory protective devices approved by the National Institute for Occupational Safety and Health under 42 CFR part 84, and were administered, delivered, distributed, and dispensed in accordance with the public health

and medical response of the State of California or reasonably believed so by the Granite Creek Defendants, and Plaintiffs' claim for loss "arises out of, relates to, or results from" the administration and use of such "covered countermeasures."

30. On January 8, 2021, the Secretary of the Department of Health and Human Services ("HHS") issued new controlling authority (hereinafter "AO 21-01") confirming unequivocally that: 1) the PREP Act is invoked by allegations like those in the Complaint, including alleged inaction or failure to act; 2) the PREP Act is a "Complete Preemption" Statute which confers federal question removal jurisdiction under 28 U.S.C. § 1441(a); and 3) as discussed in more detail below, federal jurisdiction is separately conferred in such cases under the doctrine articulated by the United States Supreme Court in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005), because "ordaining the metes and bounds of PREP Act protection in the context of a national health emergency necessarily means that ***the case belongs in federal court***." (emphasis added).[1]

31. AO 21-01 unequivocally states that "[t]he PREP Act is a 'Complete Preemption' Statute," because it establishes both a federal and administrative cause of action as the only viable claim, and vests exclusive jurisdiction in federal court."

32. AO 21-01 rejects the notion that immunity under the PREP Act requires actual "use" of a covered countermeasure. Specifically, AO 21-01 provides that "this 'black and white' view clashes with the plain language of the PREP Act, which extends immunity to ***anything*** '***relating to***' the administration of a covered countermeasure." *See* AO 21-01 (citations omitted) (emphasis added)).

33. AO 21-01 further provides that "[p]rioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health

---

[1] *The Office of the General Counsel, Secretary of the Department of Health and Human Services,* Advisory Opinion 21-01 On the Public Readiness And Emergency Preparedness Act Scope of Preemption Provision, https://www.hhs.gov/guidance/document/advisory-opinion-21-01-public-readiness-and-emergency-preparedness-act (issued January 8, 2021).

authority's directive, can fall within the PREP Act and this Declarations liability protections. ***There can potentially be other situations where a conscious decision not to use a covered countermeasure could relate to the administration of the countermeasure.***" *See* AO 21-01 (emphasis added).

34. Additionally, AO 21-01 explains that "program planners" fall within the set of "covered persons" under the PREP Act and that "decision-making that leads to the ***non-use of covered countermeasures by certain individuals is the grist of program planning, and is expressly covered by PREP Act.***" *See* AO 21-01 (emphasis added).

35. The implementing Declaration also expressly addresses inaction, as the Secretary defined "administration" of covered countermeasures to include not only physical use, but ***non-use***, such as activities and decisions, as well as management and operation, of countermeasure programs generally. This distinction makes "explicit that there can be situations where ***not*** administering a covered countermeasure to a particular individual can fall within the PREP Act and this Declaration's liability protections." 85 Fed. Reg. 79190 (emphasis added).

36. Because the Granite Creek Defendants are a Covered Person and because Plaintiffs' allegations all concern the Granite Creek Defendants' conscious decisions to use or not use covered countermeasures, including "implementing policies and procedures relating to infectious diseases" and PPE, Plaintiffs' claims squarely fall within the PREP Act.

37. As confirmed in AO 21-01, when the PREP Act is triggered, complete preemption attaches. Indeed, "[t]he *sine qua non* of a statute that completely preempts is that it establishes either a federal cause of action, administrative or judicial, as the only viable claim or vests exclusive jurisdiction in a federal court. The PREP Act does both." *See* AO 21-01.

38. AO 21-01 is binding on this court, as the HHS Secretary has now incorporated all HHS Advisory Opinions pertaining to COVID-19 into the PREP Act's implementing Declaration itself, and proclaimed that the Declaration "must" be construed in accordance with them. *See* Fourth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, 85 Fed. Reg. 79190 (Dec. 9, 2020) (the "Fourth Amendment" or "Amendment"). As such, the HHS Advisory Opinions are no longer "advisory," as they now have the same "controlling weight" as the Declaration and the PREP Act itself. Where Congress has expressly delegated interpretative authority to an agency, that agency's interpretative proclamations are controlling on the federal courts. *See Chevron, U.S.A., Inc. v. NRDC, Inc.*, 467 U.S. 837, 843-44 (1984). To avoid any doubt on this point, the Secretary amended the Declaration for the fifth time on January 28, 2021, confirming again in the Declaration itself that the PREP Act is a complete preemption statute.[2] Congress has reinforced the Secretary's ultimate authority over these matters concerning the PREP Act, and warns that "[n]o court . . . shall have subject matter jurisdiction to review, whether by mandamus or otherwise, any action by the Secretary under [the PREP Act.]" 42 U.S.C. § 247d-6d(b)(1), (4) & (7).

39. HHS has issued authority that, pursuant to the Declaration, courts must use to resolve these questions, including AO 21-01, which confirms unequivocally that the PREP Act is a complete preemption statute.

40. This AO 21-01 authority earlier in the year arrived on the heels of other HHS authorities that have provided additional, helpful guidance to the courts in construing the PREP Act. For example, Advisory Opinion 20-04 confirms that any individual or organization can potentially be a program planner and receive PREP Act coverage – "even

---

[2] *See* Fifth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021).

grocery stores, universities, private businesses, places of worship, and private transportation providers."[3] HHS issued separate guidance letters specifically confirming that senior living communities, such as the Granite Creek Defendants and other residential care facilities for the elderly (RCFEs), are program planners or qualified persons under the PREP Act when they administer or use diagnostic testing and other covered countermeasures.[4]

41. Subsequently, the Fourth Amendment made "explicit that there can be situations where *not* administering a covered countermeasure to a particular individual can fall within the PREP Act and this Declaration's liability protections," and also incorporated all HHS Advisory Opinions into the Declaration itself, thus giving them controlling weight. 85 Fed. Reg. 79190 (emphasis added). Even after AO 21-01 was issued on January 8th, the Secretary again amended the Declaration with the Fifth Amendment on January 28, 2021, stating "[t]he plain language of the PREP Act makes clear that there is complete preemption of state law."[5]

42. In addition to these HHS authorities, the U.S. Department of Justice ("DOJ") filed a Statement of Interest ("SOI") of the United States in *Bolton v. Gallatin Center for Rehabilitation & Healing, LLC*, No. 3:30-cv-00683 (M.D. Tenn. Jan. 19, 2021) at Dkt. No 35, which constitutes the official position of the United States' interest in the enforcement of the PREP Act providing, *inter alia*, that:

---

[3] HHS Advisory Opinion 20-04, https://www.hhs.gov/sites/default/files/advisory-opinion-20-04-hhs-ogc-publicreadiness-emergency-preparedness-act.pdf ("AO 20-04")
[4] *See* HHS Guidance Aug. 31, 2020, https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/prep-act-coverage-for-screening-in-congregate-settings.pdf
[5] *See* Fifth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021).

a. The PREP Act is crucial to the "whole-of-nation response" to public health emergencies. *Id.* at 1–2. This response depends on the cooperation among private-sector partners and state and local officials across the nation and that "sweeping" immunity was granted to encourage such cooperation. *Id.* at 2.

b. Federal jurisdiction is proper since the PREP Act's exclusive federal cause of action creates federal question jurisdiction. *Id.* at 3.

c. PREP Act immunity for all federal and state law claims and a sole exception to immunity claims process makes the PREP Act a complete preemption statute. *Id.* at 7–8.

d. It is the nature of a complaint that determines complete preemption, not the stated claims. *Id.* at 6.

e. *Maglioli* and its progeny's interpretations of the PREP Act's complete preemptive effect are incorrect and that their holdings should be limited to their facts. *Id.* at 10–12.

43. The DOJ's SOI commenting on the scope of a federal court's jurisdiction is of "considerable interest" to the courts. *See Republic of Austria v. Altmann*, 541 U.S. 677, 701 (2004); *see also Garb v. Republic of Poland*, 440 F.3d 579, 584 (2d Cir. 2006).

44. Recently, the United States District Court for the Central District of California in *Garcia v. Welltower OpCo Grp. LLC*, 2021 WL 492581 (C.D. Cal. Feb. 10, 2021) issued a final order on February 10, 2021 regarding a case with similar facts in which it denied the plaintiffs' motion to remand and granted the defendants' motion to dismiss. Specifically, the Court held that (1) "[t]he acts and omissions alleged by Plaintiffs appear almost verbatim in the January 8, 2021 Advisory Opinion" and that accordingly, the PREP Act applied to the plaintiffs' claims (*Id*. at 14); (2) "because the OGC stated [in the January 8, 2021 Advisory Opinion] that the PREP Act is a complete preemption statute . . . an adequate basis for federal question jurisdiction exists" (*Id*.); (3) prior Court opinions

holding that the PREP Act did not provide a basis for federal question jurisdiction preceded more recent guidance from the OGC (Advisory Opinion published January 8, 2021), which established that "… when a party attempts to comply with federal guidelines—in this case the COVID-19 pandemic—the PREP Act would provide complete preemption" (*Id.*, at 10); and (4) "While the Court acknowledges that certain allegations relate to a failure to abide by local or federal health guidelines, these allegations related to momentary lapses. Taken as true, all Plaintiffs' FAC discloses are possible unsuccessful attempts at compliance with federal or state guidelines—something which the PREP Act, the Declaration, and the January 8, 2021 Advisory Opinion cover." (*Id.*, at 14).

45. The Sixth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 was also published on February 10, 2021. The Sixth Amendment affirms that "[t]he plain language of the PREP Act makes clear that there is preemption of state law as described above."[6]

46. Despite Plaintiffs' assertion of state law claims, the doctrine of complete preemption is invoked and jurisdiction over these claims is exclusively federal. *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.").

47. Therefore, Plaintiffs' Complaint invokes a federal question for which the governing federal law "completely preempts" Plaintiffs' state law claims, and removal is proper under 28 U.S.C.A. § 1441(a).

---

[6] Sixth Amendment to the Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 and Republication of the Declaration, (Jan. 28, 2021). The Seventh Amendment to the Declaration similarly confirmed the preemption nature of the statute on March 11, 2021.

48. In addition to complete preemption, AO 21-01 confirms that the PREP Act confers separate, independent grounds for federal question jurisdiction under the *Grable* doctrine. *See* AO 21-01.

49. AO 21-01 highlights the Secretary's conclusion in the Declaration that "there are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of [the *Grable* doctrine] in having a unified, whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entities." AO 21-01 (quoting 85 Fed. Reg. at 79, 197(col. c)).

50. The Advisory Opinion's interpretation of *Grable* is consistent with the Supreme Court's long-standing rule "that in certain cases federal question jurisdiction will lie over state-law claims that implicate federal issues." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id*.

51. The *Grable* Court determined that no single, precise test exists for determining whether an embedded federal issue exists, but that, in general, a two-step process exists for determining whether a state law claim "arises under" federal law: (1) the state law claim must necessarily raise a stated federal issue that is actually disputed and substantial; and (2) federal courts must be able to entertain the state law claims "without disturbing a congressionally approved balance of state and federal judicial responsibilities." 545 U.S. at 314. Here, both prongs are satisfied.

52. First, Plaintiffs bring claims as a result for the Granite Creek Defendants' alleged use or administration (or nonuse or non-administration) of covered

1  countermeasures in connection with the care and treatment of Mr. Rosinski, which
2  necessarily implicates disputed and substantial federal issues. *See* 42 U.S.C. § 247d-6d.

3      53.    Second, as confirmed by the Advisory Opinion and the Declaration, the
4  PREP Act expresses a clear intention to supersede and preempt state control of the very
5  issues raised by Plaintiffs, *i.e.*, issues concerning the Granite Creek Defendants' conscious
6  decisions to use or not use covered countermeasures, including the use or non-use of PPE.
7  A substantial and disputed federal issue regarding the application of the PREP Act to
8  Plaintiffs' claims therefore necessarily exists, and must be resolved by this Court to ensure
9  the uniform and appropriate application of the PREP Act.

10      54.    Courts have long recognized federal jurisdiction under the *Grable* doctrine.
11  *See, e.g., McKay v. City & Cty. of San Francisco,* No. 16-CV-03561 NC, 2016 WL
12  7425927, at *4 (N.D. Cal. Dec. 23, 2016) (finding federal jurisdiction under *Grable* where
13  plaintiff's request that court enjoin use of flight paths was "tantamount" to a challenge to
14  the validity of an FAA decision); *Bender v. Jordan,* 623 F.3d 1128, 1131 (D.C. Cir. 2010)
15  (finding federal jurisdiction under *Grable* where breach of contract action arose under
16  federal law because agreement was required by federal law and turned on interpretation of
17  federal regulations).

18      55.    The two-step process is also satisfied where the alleged dispute "could have"
19  supported the defendant's assertion of a federal declaratory judgment action. *See Hollyvale*
20  *Rental Holdings, LLC v. Baum,* No. 216CV02888RFBPAL, 2018 WL 1608411, at *3 (D.
21  Nev. Mar. 31, 2018) (*Grable* federal question jurisdiction existed under the "coercive
22  action" doctrine where defendant "could have … brought a separate federal declaratory
23  judgment action ….").

24      56.    The *Grable* doctrine and PREP Act are therefore directly applicable to
25  Plaintiffs' claims and support this Court's jurisdiction.

26
27
28

**WHEREFORE**, having shown that this case is properly removable on the basis of diversity jurisdiction as well as federal question jurisdiction, the Granite Creek Defendants provide notice pursuant to 28 U.S.C.A. § 1446 that the Action pending in Superior Court for the County of Yavapai, Arizona, Case No. V1300CV 2021 80028, is removed to the United States District Court for the District of Arizona, and respectfully request that this Court exercise jurisdiction over this case.

DATED this 27th day of April, 2021.

                Respectfully submitted,

                CLARK HILL

                */s/*
                Andrew B. Turk, Esq.
                aturk@clarkhill.com
                14850 N. Scottsdale Rd. Ste. 500
                Scottsdale, AZ 85254
                Tel: (480) 684-1107
                Fax: (480) 684-1167
                Attorney for Defendants, Watson Woods Healthcare, Inc. dba Granite Creek Health & Rehabilitation Center; Bandera Healthcare, Inc.; Ensign Services, Inc.; and The Ensign Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record this the 27th day of April 2021, via the Court's electronic service *and* paper copies will be sent by first class mail to any counsel of record indicated as non-registered participants.

/s/
Andrew B. Turk

*Attorneys for Plaintiff(s):*
BOSSIE, REILLY & OH
Melanie L. Bossie, #022825
Mary Ellen Reilly, #011058
Donna Oh, #027069
1430 E. Missouri Ave., Ste. B225
Phoenix, AZ 85014
T (602) 553-4552 / F (602) 553-4557
office@brolawfirm.com

*Attorneys for Defendant, MIKE RASMUSSEN:*
Quintairos, Prieto, Wood & Boyer, P.A.
Lori A. Metcalf
8800 East Raintree Drive, Suite 100
Scottsdale, Arizona 85260
T (602) 954-5605 x1716 / F (602) 954-5606
lori.metcalf@qpwblaw.com