1   **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                   **FOR THE DISTRICT OF ARIZONA**

8

9   Alycia Thomas,                              No. CV-21-08087-PCT-SMB

10              Plaintiff,                       **ORDER**

11   v.

12   Watson Woods Healthcare Incorporated, et
     al.,

13

              Defendants.

14

15          Pending before the Court is Defendants' Notice of Removal. (Doc. 1.) Defendants'

16   assert this is one of those narrow categories of cases in which a Plaintiff's complaint allows

17   removal under federal question jurisdiction, 28 U.S.C. §§ 1331, 1441, even while admitting

18   that federal claims are not apparent on the face of the well-pled complaint. *See Hornish v.*

19   *King Cty.*, 899 F.3d 680, 688 (9th Cir. 2018) (noting generally "our jurisdictional analysis

20   is limited by the longstanding well-pleaded complaint rule, which provides that a suit arises

21   under federal law only when the plaintiff's statement of his own cause of action shows that

22   it is based upon federal law, and which does not permit a finding of jurisdiction predicated

23   on an actual or anticipated defense, or upon an actual or anticipated counterclaim." (internal

24   citations omitted)); *accord*, *Border Infrastructure Envtl. Litig. v. U.S. Dep't of Homeland*

25   *Sec.*, 915 F.3d 1213, 1221-22 (9th Cir. 2019).

26          However, the well-pleaded complaint rule is a rule of inclusion rather than an

27   exclusive and absolute boundary on the Court's jurisdiction. There are certain

28   circumstances where the Court acquires federal jurisdiction even though a plaintiff's claims

1    sound purely in state law. *See, e.g.*, *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th

2    Cir. 2012) ("A state cause of action invokes federal question jurisdiction only if it

3    'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal

4    forum may entertain without disturbing any congressionally approved balance of federal

5    and state judicial responsibilities.' This type of federal question jurisdiction applies to a

6    "special and small category" of cases." (internal citations omitted)); *Retail Prop. Trust v.

7    United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 948-49 (9th Cir. 2014) (noting

8    the doctrine of "complete preemption" can support for removal jurisdiction but cautioning

9    that "its occurrence is 'rare[,]'" and that though the doctrines may overlap even "field

10   preemption [is] not coextensive [with complete preemption.]").

11         Defendants assert that this case presents one such circumstance, and that removal

12   jurisdiction is allowed here. However, the Court notes Defendants largely and almost

13   exclusively cite to an advisory opinion from the Department of Health and Human

14   Services, ("AO-21"), in making this argument. (Doc. 1 at 9.) Though of course the Court

15   can consider an advisory opinion as persuasive authority, opinions like this one are not

16   accorded *Chevron* Deference. *Christensen v. Harris County*, 529 U.S. 576, 587 (2000)

17   ("Interpretations such as those in opinion letters -- like interpretations contained in policy

18   statements, agency manuals, and enforcement guidelines, all of which lack the force of law

19   -- do not warrant Chevron-style deference."); *accord*, *United States v. Mead Corp*., 533

20   U.S. 218, 228 (2001) (noting that while informal agency interpretations may have the

21   power to persuade, they are not granted *Chevron* deference). Further, the Court notes that

22   materials cited by the Defendant reach a conclusion contrary to that of the vast majority of

23   federal courts that examined the same issue. *See, e.g.*, *Winn v. Cal. Post Acute LLC*, No.

24   CV 21-02854 PA (MARx), 2021 U.S. Dist. LEXIS 67760, at *7-15  (C.D. Cal. Apr. 6,

25   2021) (finding the  PREP Act did not allow for removal jurisdiction under theories of

26   complete preemption, federal question, or federal officer removal); *Stone v. Long Beach

27   Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCx), 2021 U.S. Dist. LEXIS 58410, at *18

28   (C.D. Cal. Mar. 26, 2021) (finding the PREP Act's immunity provisions did not support

removal); *Estate of Judith Joy Jones v. St. Jude Operating Co.*, No. 3:20-cv-01088-SB, 2021 U.S. Dist. LEXIS 43876, at \*22 (D. Or. Feb. 16, 2021) (finding AO-21 unpersuasive and the PREP Act did not create removal jurisdiction); *Lyons v. Cucumber Holdings, LLC*, No. CV 20-10571-JFW(JPRx), 2021 U.S. Dist. LEXIS 20838, at (C.D. Cal. Feb. 3, 2021); *Parker v. St. Jude Operating Co., LLC*, No. 3:20-cv-01325-HZ, 2020 U.S. Dist. LEXIS 249253, at \*15 (D. Or. Dec. 27, 2020) ("[I]n addition to providing immunity, the PREP Act only supplies a limited cause of action for willful misconduct. This narrow path is not a substitute for Plaintiff's state law negligence claims and does not warrant a finding that the limited exception of complete preemption applies to the PREP Act."); *accord Estate of Winfred Cowan v. Lp Columbia Ky*, No. 1:20-CV-00118-GNS, 2021 U.S. Dist. LEXIS 61708 (W.D. Ky. Mar. 30, 2021); *Wright v. Encompass Health Rehab. Hosp. of Columbia, Inc.*, Civil Action No. 3:20-02636-MGL, 2021 U.S. Dist. LEXIS 59610 (D.S.C. Mar. 29, 2021); *Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042 (PKC) (PK), 2021 U.S. Dist. LEXIS 20257 (E.D.N.Y. Feb. 2, 2021); *Shapnik v. Hebrew Home for the Aged at Riverdale*, No. 20-cv-6774 (LJL), 2021 U.S. Dist. LEXIS 79447 (S.D.N.Y. Apr. 26, 2021); *but see Garcia v. Welltower OpCo Grp. LLC*, No. SACV 20-02250JVS(KESx), 2021 U.S. Dist. LEXIS 25738, at \*26 (C.D. Cal. Feb. 10, 2021) (denying a motion to remand and holding "the PREP Act provides for complete preemption.") Defendants do not address or distinguish any of these cases in their notice of removal.

In light of the above, the Court does not believe that Defendants' recited authority meets their burden to show that the Court has subject matter jurisdiction over this case. A more comprehensive and wholistic briefing on the issue of subject matter jurisdiction, one which addresses the contrary caselaw, is required before the Court will allow the case to move forward.

Accordingly,

**IT IS ORDERED** that Defendants show cause in writing within seven (7) days of the date of this order why this case should not be remanded in light of the numerous cases rejecting their jurisdictional basis. Defendants' briefing shall not exceed five (5) pages.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS FURTHER ORDERED** that Plaintiff may file a brief response to Defendants' memorandum no later than three (3) days after the Defendant's filing. Plaintiff's response shall not exceed four (4) pages.

**IT IS FURTHER ORDERED** that if Defendants fail to show cause in writing within seven (7) days of the date of this Order, this case will be remanded without further notice.

Dated this 10th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge